UNITED STATES of America, Plaintiff,

v.

CHRYSLER CORPORATION, Defendant.

No. Civ.A. 96–1236 (EGS).

United States District Court,
District of Columbia.

Aug. 14, 1998.

Jessica A. Lerner, U.S. Dept. of Justice, Civil Div., Federal Programs Branch, Washington, DC, Arthur Robert Goldberg, Margaret S. McCarty, U.S. Dept. of Justice, Civil Div., Washington, DC, for U.S.

Lawrence Saul Robbins, Gary A. Winters, Erica Z. Jones, Mayer, Brown & Platt, Washington, DC, for Chrysler Corp.

Rodney Fred Page, Bryan Cave, L.L.P., Washington, DC, Debra M. Daumit, Arent, Fox, Kintner, Plotkin & Kahn, Washington, DC, for American Auto. Manufacturers Ass'n, Inc., amicus.

### ORDER

SULLIVAN, District Judge.

Before the Court is plaintiff's request for the imposition of a civil penalty against defendant Chrysler Corporation. Upon consideration of the pleadings in support of plaintiffs' request, the opposition thereto, and the arguments of counsel, the request of plaintiff for the imposition of a civil penalty is **GRANTED;** the Court shall impose a civil penalty against Chrysler Corporation in the amount of **Eight Hundred Thousand Dollars ($800,000).**

### Background

In July 1995, NHTSA contracted with General Testing Laboratories ("GTL") to test the seat belts of several vehicles, including the MY 1995 Chrysler Cirrus passenger car. On July 10, 1995, GTL performed a FMVSS No. 210 compliance test on a MY 1995 Chrysler Cirrus [1] passenger car and the anchorage for the driver's-side rear seat lap belt pulled completely out of the floor after approximately 24 seconds, when the force on the lap belt was 2,829 pounds. FMVSS No. 210 requires that the anchorage maintain a force of 3,000 pounds for 10 seconds. NHTSA subsequently notified Chrysler of the test failure. In August 1995, NHTSA requested that Chrysler acknowledge noncompliance and recall the MY 1995 Cirrus cars, but

1. The MY 1995 Dodge Stratus was not tested by NHTSA. However, it is identical to the Chrysler Cirrus in all relevant respects, and similar test results would be expected.

Chrysler declined to find the cars in noncompliance or recall them.

On January 22, 1996, NHTSA notified Chrysler of its initial decision that MY 1995 Chrysler Cirrus and Dodge Stratus passenger cars manufactured before May 15, 1995, did not comply with FMVSS No. 210. On February 23, 1996, NHTSA held a public meeting, pursuant to 49 U.S.C. § 30118(b), to allow Chrysler and other interested persons the opportunity to present information, views and arguments on NHTSA's initial decision of noncompliance. On June 4, 1996, NHTSA issued a final decision, pursuant to 49 U.S.C § 30118(b), that the cars in question did not comply with FMVSS No. 210. Pursuant to 49 U.S.C. § 30118(b)(2), the NHTSA Administrator ordered Chrysler to notify owners, purchasers, and dealers of the noncompliance no later than July 8, 1996, and to provide a remedy without charge. Because Chrysler had previously informed NHTSA that it would not recall the vehicles unless ordered to do so by a court, on June 4, 1996, the same day of the NHTSA Administrator's order, the government filed this present action pursuant to 49 U.S.C. § 30163(a), to force Chrysler to comply with the order of the NHTSA Administrator.

In its Memorandum Opinion and Order issued on February 4, 1998, this Court held that the 91,000 Chrysler Cirrus and Dodge Stratus passenger cars failed to comply with a safety standard as interpreted by the National Highway Transportation Safety Administration (NHTSA), and ordered Chrysler to notify all owners, purchasers, and dealers of the noncompliance and provide a remedy without charge. *United States v. Chrysler Corp.*, 995 F.Supp. 150, 164 (D.D.C.1998).

The Court now grants the government's request for the imposition of a statutory civil penalty against Chrysler, as provided by 49 U.S.C. § 30165(a), in view of Chrysler's failure to provide appropriate notice to owners, purchasers, and dealers after it had reason to believe the vehicles did not comply with the safety standard, in violation of §§ 30118(c)(2) and 30119(c)(2), and for failure to comply with the order of the NHTSA Administrator, in violation of §§ 30119(c)(1).

### Request for Civil Fines

In support of its request for the imposition of a civil penalty under 49 U.S.C. § 30121(b)(1), the government argues that Chrysler violated two separate statutory duties by failing to recall the 91,000 vehicles prior to the February 4, 1998 Order of this Court. First, the government argues Chrysler violated a duty to notify owners under 49 U.S.C. §§ 30118(c)(2) and 30119(c)(2) after Chrysler itself should have in good faith determined that the subject vehicles did not comply with the safety standard. Second, the government argues Chrysler violated a duty to comply with an order of NHTSA Administrator under 49 U.S.C. §§ 30118(b)(2) and 30119(c)(1).

Chrysler, on the other hand, argues that no penalties should be imposed in this case because it did not have notice of the government's interpretation and furthermore, because this is a case of first impression. Chrysler maintains that the agency's interpretive rule could not have the force of law until this Court accepted it in its February 4, 1998 decision. *See National Latino Media Coalition v. FCC*, 816 F.2d 785, 788 (D.C.Cir. 1987). Accordingly, Chrysler contends that a violation of the statute did not and could not exist before this Court issued its decision, and consequently, Chrysler cannot be subject to civil penalties.

The government, however, notes that it is not seeking penalties based on Chrysler's actions at the time the vehicles were certified. Rather, the government argues for the imposition of civil penalties against Chrysler in view of Chrysler's inaction once it had actual notice that under the agency's interpretation, the vehicles did not comply with FMVSS No. 210.

■ Chrysler relies on *General Electric Co. v. U.S. EPA*, 53 F.3d 1324 (D.C.Cir.1995) for its argument that a party may not be penalized if at the time of the act at issue, the party lacked adequate notice of an agency rule or interpretation. *Id.* 53 F.3d at 1328–29. In this case, however, Chrysler was on actual notice that under the agency's interpretation, the vehicles did not comply with FMVSS No. 210. Moreover, Chrysler does not dispute that the subject vehicles do

not meet the strength requirements of FMVSS No. 210 as interpreted by NHTSA. Indeed, in the fall of 1995, Chrysler replicated the failing test and obtained the same results. Thus, the Court concludes that a penalty can appropriately be premised on Chrysler's failure to comply with the June 4, 1996 order of the Administrator, in violation of § 30119(c)(1), as Chrysler had, by that point, if not earlier, actual notice of the agency's interpretation.

### Amount of Civil Penalty

In order to determine the amount of the civil penalty to be imposed, the Court is to consider "the size of the business of the person charged and the gravity of the violation." § 30165(c).

In this case, the government argues that the size of the business does not support reducing the penalty since Chrysler is one of the three major U.S. automobile manufacturers. As to the gravity of the violation, the government argues that Chrysler's violation has been repeated and willful as Chrysler has been on notice of statutory noncompliance since at least December 1995. Second, the government contends that Chrysler's failure to seek a stay or injunction excusing it from compliance with the Administrator's order, as provided for in § 30121,[2] is another compelling reason to impose the maximum penalty. Finally, the government maintains that Chrysler's actions were in disregard of public safety, even though as Chrysler maintains, no deaths or injuries have been shown to have resulted from the faulty anchorages. Because the statute allows for a maximum penalty of $800,000 for "related series of violations," 30165(a), the government argues that Chrysler should be fined $1.6 million for violating both § 30118(b)(2) and § 30118(c)(2).

█ Regarding the size of the penalty, Chrysler argues, and the Court concurs, that if a penalty is to be imposed, the facts support only a maximum penalty of $800,000 as the statute states that the fine shall apply to a "related series of violations." § 30165(a). Because the Court agrees with Chrysler that the entire sequence of events between December 1995 and June 1996 constitute a related series of violations within the meaning of the statute and therefore, the Court need not consider whether Chrysler is responsible for a separate statutory violation as a result of failing to notify owners when Chrysler should have in good faith determined that the vehicles did not comply with the FMVSS No. 210. Thus, the Court concludes that because Chrysler failed to take steps either to notify owners or to seek to enjoin the order of the Administrator, a fine of $800,000 should be imposed.

In *United States v. General Motors Corp.,* 385 F.Supp. 598 (D.D.C.1974), the court stated "[t]he policy of the Act with regard to civil penalties is clearly to discourage noncompliance with safety-defect orders except where the manufacturer is so certain of the correctness of its position that it is willing to risk civil penalties if it loses in court." *Id.* 385 F.Supp. at 604. Nevertheless, in *General Motors,* the court imposed a $100,000 fine rather than the maximum penalty of $400,000, in part, because GM had sent some notifications to owners of the subject vehicles. *Id.* 385 F.Supp. at 602. in the present case, however, Chrysler did not take any steps to notify owners until ordered to do so by this Court. Therefore, even taking into account the fact that this case is one of first impression, the Court does not find that any mitigating factors exist to justify reducing the fine from the maximum allowed by statute.

Accordingly, it is hereby

**ORDERED** that plaintiff's request for the imposition of a civil penalty against defendant is **GRANTED**; and it is further

---

**2.** Section 30121 reads as follows:

(b) Civil actions for not notifying.—(1) A manufacturer that does not notify owners and purchasers under section 30119(c) and (d) of this title is liable to the United States Government for a civil penalty, unless the manufacturer prevails in a civil action referred to in subsection (a) of this section or the court in

that action enjoins enforcement of the order. Enforcement may be enjoined only if the court decides that the failure to notify is reasonable and that the manufacturer has demonstrated the likelihood of prevailing on the merits. If enforcement is enjoined, the manufacturer is not liable during the time the order is stayed.

**ORDERED** that the Clerk shall enter a judgment for plaintiff and against defendant on the issue of civil penalties; and it is further

**ORDERED** that by no later than **September 30, 1998,** defendant Chrysler Corporation shall pay to plaintiff a civil penalty in the amount of **Eight Hundred Thousand Dollars** ($800,000.00) for the related series of violations of § 30118(b)(2) and § 30118(c)(2) culminating with defendant's failure to comply with an order of the NHTSA Administrator; and it is further

**ORDERED** that this case is **DISMISSED** with prejudice.

### *JUDGMENT FOR PLAINTIFF*

This Cause having been considered by the Court on plaintiff's request for the imposition of a civil penalty against defendant before the Honorable Emmet G. Sullivan, Judge presiding, and the issues having been duly briefed by all parties and the court having rendered its decision, now therefore, pursuant to the decision of the Court,

IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff UNITED STATES OF AMERICA take a civil penalty in the amount of Eight Hundred Thousand Dollars ($800,000.00) against the defendant CHRYSLER CORPORATION.